Allan J. Cory SBN: 224289
Email: cory@sonic.net
LAW OFFICE OF ALLAN J. CORY
740 4th Street,
Santa Rosa, CA 95404
Office: 707-527-8810
Fax:    707-921-7375

[Proposed] Counsel for Debtor and Debtor in Possession
MKM Concessions, LLC DBA Chrome Lotus

**UNITED STATES BANKRUPTCY COURT**
*for the*
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re | ) CASE NO.:11-12981 |
| | ) |
| | ) CHAPTER 11[Small Business] |
| | ) |
| MKM CONCESSIONS, LLC | ) DATE:         August 12, 2011 |
| DBA CHROME LOTUS | ) TIME:         10:00 AM |
| | ) LOCATION:    99 South E Street, |
| Debtor(s). | )              Santa Rosa, CA 95404 |
| | ) HON. ALAN JAROSLOVSKY |
| | ) |

**MOTION OF DEBTOR AND DEBTOR IN POSSESSION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING (A) USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND (B) GRANT OF ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 363 AND 364, AND (II) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001 (C); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Debtor and Debtor in Possession, MKM Concessions, LLC DBA Chrome Lotus ("Debtor") in the above captioned chapter 11 case (the "Chapter 11 Case") files this motion (the "Motion") for an entry of an interim order, substantially in the form attached hereto as **Exhibit A** (the "Interim DIP Order"), seeking to;

(i)  authorize Debtor to use a secured priority lien creditor's ("IRS") cash collateral within the meaning of Bankruptcy Code section 363 (a) (the "Cash Collateral") for the purposes described below,  pursuant to Bankruptcy Code section 363 (c);

-1-

CASH COLLATERAL MOTION

(ii) authorize Debtor to provide IRS adequate protection pursuant to Bankruptcy Code sections 361 (2), 363 (e), 506 (b)[1] and 552 in the form of among other things, the payment of post petition interest and the granting of a replacement lien,

(iii) schedule pursuant to Bankruptcy Rule 4001 (b) (2) a final hearing regarding the above to consider entry of a final order so that Debtor, if successful in obtaining such final order, may continue use of Cash Collateral pursuant to Bankruptcy Code section 363 (c) (2).

**I. CASE BACKGROUND**

Debtor, with previous bar/nightclub experience, opened business of a modern nightclub in approx. February of 2010. From its onset the venture was beleaguered with expense that despite experience of principals was unforeseen. This included an approx. $30,000 in leased premises repair (in addition to necessary improvements) and the inability because of the time necessary to complete such repairs to take advantage of an approx. 120-day forgiveness of due rent from date of the initial lease signing (signed approx. July 2009). Debtor payment of approx. seven-months of rent without any concurrent ability to generate an income caused immediate hardship. Despite this setback Debtor opened business and after a predictable start-up lull in income, experienced some success. In 2011 Debtor in an effort to define the nightclub as one of higher character re-invested with a subsequent remodel and implemented a patron dress code.

Despite Debtor fortitude and desire to succeed a Scylla/Charybdis dilemma matured; Debtor, with limited assets, was confronted with a continued choice of paying employee salary

---

[1] 11 U.S.C. 506 (b) allows to holders of oversecured claims the interest payment(s) provided for in the agreement or State statute under which such a claim arose. Here, the debt originates from a non-consensual lien. However, debtor concedes that in all likelihood payment of interest will still be allowed. [See *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 235, 109 S. Ct. 1026, 1027 (1989).]

-2-

CASH COLLATERAL MOTION

or tax authorities and could not pay both. Hoping that business would improve because of the now improved environment, Debtor hoped to pay Peter what it had elected to pay Paul in order to keep the business operational. This hope was not realized and Debtor now faces the potential loss/suspension of its liquor license for non-payment of State Tax. Debtor also is in pre-collection status with the Internal Revenue Service for failure to pay Federal Tax. Debtor's ability to establish an orderly payment of its creditors has been further compromised by recent levy "sweeps" of Debtor bank account in the approx. total amount of $7,756.00.

Debtor believes a chapter 11 reorganization will provide the opportunity to pay priority creditors over time and insure a larger return than could be obtained by liquidation while also supporting the local economy by helping to maintain an employment base and to this end is currently contemplating or implementing business practice changes designed to either maximize profit or minimize expense. These measures include, but are not limited to; additional nights open to customers, payroll cuts, outsource bar event catering with use of its liquor license, seeking a better entertainment promoter and/or cutting promotion costs. A chapter 11 petition for the Debtor was filed on August 8, 2011.

II. **LOCAL GUIDELINE DISCLOSURE**

Pursuant to this Court's Guidelines for Cash Collateral and Financing Motions and Stipulations ("Guidelines[2]"), a debtor in possession seeking authority to use cash collateral or obtain financing must disclose the presence and location of certain provisions contained in the

---

[2] The Guidelines apply only to uncontested motions. Debtor has no way of knowing if this motion will be contested or not. The short span of time between notice and hearing likely present an increased opportunity for the dearth of opposition and thus Debtor supplies the Guidelines in potential anticipation of this result.

documentation evidencing the cash collateral usage or financing and for certain provisions, the location in any proposed order.

**1) Entity with Interest in Cash Collateral**

Pursuant to the Declaration of Allan J. Cory (attached as **Exhibit B**) and the Declaration William Cutting (attached as **Exhibit C**) the only entity with a current perfected security interest in Debtor's Cash Collateral is the Internal Revenue Service ("IRS"). A UCC-1 search reveals four (4) separate liens against Debtor totaling $41,142.22, attached hereto as **Exhibit D**.

The only other lien against Debtor returned in the UCC-1 search is that belonging to the Employment Development Department for the State of California in the amount of $2,360.19 but Debtor declares a pre-petition payment made in at least this amount and therefore anticipates the release of this lien.

**2) Purpose for use of Cash Collateral**

Debtor's business is a modern bar/nightclub. The business requires weekly stock replenishment, entertainment hire, and employee payroll.

Debtor will require the use of Cash Collateral to maintain the business through reorganization: It is vital to the confidence of Debtor's employees and patrons and to the preservation of the going-concern value and other values of Debtor's estate. Debtor will likely be required to provide adequate assurance to utility companies and must maintain lease payment(s)[3]. Debtor will suffer irreparable harm without the ability to use such Cash Collateral and entry of an Interim Order allowing such use. Entry of the Interim Order will not cause harm to the interested parties because such parties shall be afforded an opportunity to assert any

---

[3] Debtor per code is not yet required to affirm the lease interest for its location of business, but barring the unforeseen, anticipates such affirmation.

-4-

CASH COLLATERAL MOTION

objection to the Motion subsequent to the entry of the Interim Order (at a date at least 14 days from service of Motion) and for reasons stated below, the relative insulation from harm of Debtor's primary asset (liquor license) which is secured by the IRS debt.

**3) Terms and Duration of Cash Collateral Use**

Debtor to pay interest on the $41,142.22 lien amount at the current IRS rate for small corporation(s) of 4% compounded daily[4], to total $140.00 per month. A separate account will be maintained by Debtor for post-petition tax payment and this amount shall be deducted and paid from such account on a monthly bases, due and payable by the 28th day of each calendar month.

The duration of Debtor's use for Cash Collateral shall be until such time as the plan is completed or otherwise terminated. However, any interim interest payment to IRS contemplated in this Motion shall cease upon plan confirmation because Debtor shall instead be making installment payments for a period of up to five-years from the date of confirmation pursuant to 11 USC § 1129(a)(9)(D) and as a condition of plan confirmation, Debtor shall be separately providing for the payment of interest with each installment.

**4) Liens, Cash Payments, or other Adequate Protection**

Debtor shall grant IRS a replacement lien[5] to the extent that IRS currently holds on the

---

[4] Pursuant to IRM 5.17.10.9.4.3 (08-01-2010, interest rates for the payment of installment taxes are fixed as of the calendar month the plan is confirmed. Debtor is unaware of any IRS policy for the fixing of IRS interest rates prior to plan confirmation. Debtor is therefore using the rate for the current period as though plan has been confirmed for the interim purpose of adequate protection.

[5] As allowed under Bankruptcy Code section 361 (2). Lien is not prohibited under Bankruptcy Code Section 552 (a) as IRS lien is statutory in nature and not consensual [See *In re County of Orange*, 189 B.R. 499,502 (C.D. Cal., 1995)

-5-

CASH COLLATERAL MOTION

revenues and assets Debtor generates and/or acquires post-petition. Debtor is unaware of any other secured debt requiring application for Cash Collateral[6]. IRS has other adequate protection as an over-secured creditor due primarily to the equity cushion as demonstrated in Debtor's Equipment and Asset Inventory List (attached as **Exhibit E**). Debtor declares that all relevant business insurance policies are current. Moreover, Debtor's primary asset (Type 48 liquor license, valued by Debtor at $55,000.00[7]), while admittedly is susceptible to some market pressures for final valuation, should not largely vary in value and does not have any physical manifestation which is capable of deterioration, wear, theft, or loss. However, because there may be a periodic diminution in fungible assets to which the IRS arguably has a security right, a replacement lien is proper.[8]

5) **Certification**

The undersigned Certifying Professional has read the accompanying motion or stipulation and the Cash Collateral - Post Petition Financing Introductory Statement; to the best of my

---

[6] Although State Board of Equalization ("BOE") has issued Debtor a Notice of Levy for principal amount due of $55,012.33 and recently seized $6,255.43 from Debtor's account. Debtor has not received the pre-requisite 30-day notice of intent to lien and BOE ability to levy does not constitute a perfected lien. BOE has indicated that further action may include suspension of Debtor's liquor license for non-payment of tax, presumably pursuant to Cal. Bus. & Prof. Code § 24205, which Debtor believes is now stayed pursuant to Bankruptcy Section 362 (a) (6) as any license suspension would be motivated solely to gain a pecuniary advantage and not in the public interest. However, there is arguably the ability for BOE to seek its own adequate protection [see *In re Farmers Markets, Inc.*, 792 F.2d 1400, 1404 (9th Cir. 1986)] but this potential is not a matter for this Motion to contemplate and is at best a battle to be had, if at all, on another day.

[7] A liquor license is property to which a federal tax lien will attach. See *Golden v. State*, 133 Cal. App. 2d 640, 645, 285 P.2d 49, 53 (Cal. Ct. App. 1955.

[8] A replacement lien is likely necessary to comport with IRS adequate protection guidelines: See IRM 5.9.8.5.

knowledge, information and belief, formed after reasonable inquiry, the terms of the relief sought in the motion or stipulation are in conformity with the Court's Guidelines For Cash Collateral And Financing Motions and Stipulations except as set forth above. I understand and have advised the debtor in possession or trustee that the court may grant appropriate relief under Fed. R. Bankr. P. 9024 if the court determines that a material element of the motion or stipulation was not adequately disclosed in the Introductory Statement.     By: */s/ Allan J. Cory*

**6) Location in [Proposed] Interim Order**

Because the Proposed Interim Order varies little in progression and content from the Guideline progression of covered areas, the location of all terms discussed above is believed to be readily apparent. A supplemental brief will be prepared by counsel upon request of the Court if it is determined otherwise.

**III. MEMORANDUM OF POINTS AND AUTHORITIES**

Under section 363(c)(2) of the Bankruptcy Code, a debtor may not use cash collateral unless "(a) each entity that has an interest in such cash collateral consents; or (b) the court, after notice and a hearing, authorizes such use in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2). Section 363(c)(2)(A) of the Bankruptcy Code permits a debtor in possession to use cash collateral with the consent of the secured party. Section 363(e) of the Bankruptcy Code requires that the debtor adequately protect the secured creditors' interest in property to be used by a debtor against any diminution in value of such interest resulting from the debtor's use of the property during the chapter 11 cases.

11 U.S.C. § 361 of the Bankruptcy Code delineates the forms of adequate protection, which include periodic cash payments, additional liens, replacement liens and other forms of relief. However, the methods by which the code identifies how a Debtor may provide adequate

–7–

CASH COLLATERAL MOTION

protection are illustrative and are not exclusive or exhaustive. The concept of adequate protection is decided on a case by case basis and maximum flexibility is granted to the structuring of any proposal. *In re Certified Corp.*, 51 B.R. 768, 770-71 (Bankr. D. Haw. 1985).

An equity cushion, as Debtors hereby represent exists, is one form of adequate protection not specifically mentioned in § 361 which is recognized by courts. *In re McCombs Properties VI, Ltd.*, 88 B.R. 261, 266 (Bankr. C.D. Cal. 1988).

Debtor's petition is one for reorganization and not for liquidation. The assets of a business should not be liquidated (to otherwise provide payment to the secured creditor from which the debtor seeks an application for the use of cash collateral and to which a proposal for adequate protection is made) at least until a prognosis of business salvageability is made. The purpose of a reorganization case is to restructure Debtor's finances so that it may continue to operate, provide its employees with jobs and pay its creditors. The public at large benefits when a business a business may be salvaged. Moreover, at least one court has recognized that in today's economy the purpose of the foregoing is especially pronounced and stimulating the economy through job growth (impliedly also meaning preventing any job loss resulting from an employing business liquidation as is potential in the instant case) is a federal government policy goal. See generally *In re Pac. Lifestyle Homes, Inc.*, 08-45328, 2009 WL 688908 (Bankr. W.D. Wash. Mar. 16, 2009).

### IV. CONCLUSION

Debtor requires the use of Cash Collateral to make the adequate protection payments to IRS for the pre-petition debt in order to maintain an opportunity to continue business and reorganize under a chapter 11 plan. Debtor shall make use of cash collateral in substantial conformance with Debtor's usual expenses as demonstrated in "Average Monthly" attached

–8–

CASH COLLATERAL MOTION

hereto as **Exhibit F**. Debtor's proposal for adequate protection for the use of Cash Collateral is sufficient to protect IRS from diminution in its claim because it provides for (i) an equity cushion (ii) payment of interest (iii) a replacement lien. Debtor should be granted an interim order under Bankruptcy Rule 6003 as otherwise Debtor will suffer irreparable harm by not being able to pay employees, obtain goods from vendors, maintain necessary utility service, and keep the doors of business open to customers. IRS, will not suffer irreparable harm because if it finds any of Debtor's application and proposal insufficient it may object and shall be afforded a final hearing on the matter.

WHEREFORE, for the reasons set forth herein, Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A,** granting the relief requested herein and granting such other relief as the Court deems necessary or appropriate.

Dated: 08/08/2011    Law Office of Allan J. Cory

By: */s/ Allan J. Cory*
Attorney for Debtor